1  DORON WEINBERG (SBN 46131)
   LISA A. D'ORAZIO (SBN 252834)
2  WEINBERG & WILDER
   523 Octavia Street
3  San Francisco, CA 94102
   Telephone: (415) 431-3472
4
   DANIEL A. HOROWITZ (SBN 92400)
5  Attorney at Law
   120 - 11th Street, 2nd Floor
6  Oakland, CA 94607
   Telephone: (510) 444-4888
7
   Attorneys for Defendants
8  PAVEL I. LAZARENKO and DUGSBERY, INC.

9

                    **UNITED STATES DISTRICT COURT**
10
               **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
11

12  IN RE UNIVERSAL TRADING &          )   **Nos.  CV 08-3632 and 06-MC-80086**
                                       )        **CRB**
13  INVESTMENT COMPANY, a              )
    Massachusetts Corporation,         )   **DEFENDANTS' AND REAL PARTIES'**
14                                     )   **IN INTEREST MOTION TO DISMISS**
          Judgment Creditor            )   **PLAINTIFF UTICo'S VERIFIED**
15                                     )   **COMPLAINT FOR JUDGMENT**
    REGISTERED JUDGMENT FROM           )   **CREDITOR'S REMEDIES TO**
16  ANOTHER DISTRICT                   )   **SATISFY REGISTERED MONEY**
    _____        )   **JUDGMENT, OR IN THE**
17                                     )   **ALTERNATIVE, REQUEST FOR**
    UNIVERSAL TRADING & INVESTMENT)        **MORE DEFINITE STATEMENT;**
18  Co.,                               )   **MEMORANDUM OF POINTS AND**
          Plaintiff and Judgment Creditor)  **AUTHORITIES IN SUPPORT**
19                                     )
          vs.                          )   **DATE:   October 10, 2008**
20                                     )   **TIME:   10:00 A.M.**
    DUGSBERY, INC.;                    )   **COURT: 8, 19th Floor**
21  PAVLO I. LAZARENKO;                )   **JUDGE:  Hon. Charles R. Breyer**
    LADY LAKE INVESTMENT, CORP.;       )
22  ORBY INTERNTIONAL, LTD.;           )
    UNITED ENERGY SYSTEMS OF           )
23  UKRAINE, PFG;                      )
    TRUSTEES FOR PAVLO I. LAZARENKO )
24  and DOES 1 to 100,                 )
                                       )
25        Defendants.                  )
    _____        )
26

27

28

# TABLE OF CONTENTS

| | PAGE |
|---|---|
| MEMORANDUM OF POINTS AND AUTHORITIES | 2 |
| INTRODUCTION | 2 |
| STATEMENT OF THE CASE | 2 |
| ARGUMENT | 5 |
| I.   PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6), DISMISSAL OF UTICO'S ENTIRE VERIFIED COMPLAINT WITHOUT LEAVE TO AMEND IS WARRANTED, AS UTICO FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; IN THE ALTERNA-TIVE, DEFENDANTS MOVE FOR A MORE DEFINITE STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(E), AS UTICo HAS FAILED TO COMPLY WITH RULES 8(A) AND 8(E). | 5 |
|    A.   Legal Standards. | 5 |
|        1. Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss. | 5 |
|        2.   Federal Rule of Civil Procedure 12(e) Motion for A More Definite Statement. | 6 |
|    B.   Pursuant to Rule 12(b)(6), UTICo's Verified Complaint Must be Dismissed Without Leave to Amend; In The Alternative, Defendants Move for a More Definite Statement Pursuant to Rule 12(e). | 7 |
|        1.   Count One: Judgment Debt Recovery. | 8 |
|            a.   Dismissal is Warranted Pursuant to Rule 12(b)(6). | 8 |
|            b.   In the Alternative, Defendants Request a More Definite Statement Pursuant to Rule 12(e). | 9 |
|        2.   Count Two: Fraud. | 10 |
|            a.   Dismissal is Warranted Pursuant to 12(b)(6). | 10 |
|            b.   In the Alternative, Defendants Request a More Definite Statement Pursuant to Rule 12(e). | 11 |
|        3.   Count Three: Conversion. | 12 |
|            a.   Dismissal is Warranted Pursuant to 12(b)(6). | 12 |

Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)                    i

b.      In the Alternative, Defendants Request a More Definite
        Statement Pursuant to Rule 12(e).                               13

4.      Count Four: Unjust Enrichment.                                  14

5.      Count Five: Piercing the Corporate Veil, Alter Ego; Liability of
        General Partner.                                                14

        a.      Dismissal is Warranted Pursuant to 12(b)(6).            14

        b.      In the Alternative, Defendants Request a More Definite
                Statement Pursuant to Rule 12(e).                       15

6.      Dismissal is Warranted of Count Six: Civil Conspiracy.          15

7.      Count Seven: Fraudulent Conveyances.                            16

        a.      Count Seven Must be Dismissed.                          16

        b.      In the Alternative, Defendants Request a More Definite
                Statement Pursuant to Rule 12(e).                       20

8.      Count Eight: Accounting.                                        20

        a.      Dismissal is Warranted Pursuant to 12(b)(6).            20

        b.      In the Alternative, Defendants Request a More Definite
                Statement Pursuant to Rule 12(e).                       22

9.      Count Nine: Declaratory Judgment.                               22

        a.      Dismissal is Warranted Pursuant to 12(b)(6).            22

        b.      In the Alternative, Defendants Request a More Definite
                Statement Pursuant to Rule 12(e).                       23

CONCLUSION                                                              24

Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)              ii

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE**

*Annod Corporation v. Hamilton & Samuels,*
(2002) 100 Cal. App. 4th 1286                                                 18

*Applied Equipment v. Litton Saudi Arabia Ltd.,*
7 Cal. 4th 503 (1994)                                                         15

*Balistreri v. Pacifica Police Department,*
901 F.2d 696 (9th Cir.1990)                                                   5

*Bell Atlantic Corp. v. Twombley,*
127 S. Ct. 1955 (2007)                                                        5

*Brinton v. Bankers Pension Services, Inc.,*
76 Cal. App. 4th 550 (1999)                                                   16

*Brownfield v. Daniel Freeman Marina Hospital,*
208  Cal. App. 3d 405 (1989)                                                 22

*Cargill Inc. v. Progressive Dairy Solutions,*
2008 WL 2235354 (E.D. Cal. 2008)                                       10, 14, 15

*Chang v. Chen,*
80 F.3d 1293 (9th Cir. 1996)                                                  6

*City of Cotati v. Cashman,*
29 Cal. 4th 69 (2002)                                                        23

*Civic Western Corp. v. Zila Industries, Inc.,*
66 Cal. App. 3d 1 (1977)                                                     21

*Committee on Children's Television, Inc. v. General Foods Corp.,*
35 Cal. 3d 197 (1983)                                                        10

*County of Santa Clara v. Astra USA, Inc.,*
2006 WL 2193343 6 (Slip Copy) (N.D.Cal. 2006)                                21

*Design Associates, Inc. v. Welch,*
224 Cal. App. 2d 165 (1964)                                                  14

*Filip v. Bucurenciu,*
129 Cal. App. 4th 825 (2005)                                                 18

*Fox v. Hall,*
164 Cal. 287 (1912)                                                          21

Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)                    iii

*Gagan v. Gouyd.*,
73 Cal. App. 4th 835 (1999) ........................................................................... 19

*Glue-Fold, Inc. v. Slautterback C.*,
82 Cal. App. 4th 1018 (2000) ..................................................................... 21, 22

*Haskell v. Time, Inc.*,
857 F. Supp.1392 (E.D. Cal. 1992) ................................................................. 15

*Ileto v. Glock, Inc.*,
349 F.3d 1191 (9th Cir. 2003) ........................................................................... 6

*In re Ponce Nicasio Broadcasting, LP.*,
2008 WL 361081, *6 Bkrtcy. (Slip Copy) (E.D. Cal. 2008) ........................... 18

*In Re Universal Trading & Inv. Co.*,
2008 WL 823539 (Slip Copy) (N.D. Cal. 2008) .............................................. 17

*Jackson v. Carey*,
353 F.3d 750 (9th Cir. 2003) ........................................................................ 6, 11

*Juneau Spruce Corp. v. International Longshoremen's & Warehousemen's Union*,
128 F. Supp. 697 (D. Hawaii 1955) ................................................................... 8

*Kelly v. General Telephone Co.*,
13 Cal. App. 3d 278 (1982) .............................................................................. 10

*Kritzer v. Lancaster*,
96 Cal. App. 2d 1 (1950) ............................................................................. 20, 21

*Lopez v. Smith*,
203 F.3d 1122 (9th Cir. 2000) ........................................................................... 6

*Lynch v. La Fonte*, 37 F. Supp.
499 (S.D. Cal.1941) .......................................................................................... 19

*Margarita Cellars v. Pacific Coast Packaging, Inc.*,
189 F.R.D. 575 (N.D. Cal. 1999) ...................................................................... 6

*McHenry v. Renne*,
84 F.3d 1172 (9th Cir.1996) .............................................................................. 7

*Mejia v. Reed*,
31 Cal. 4th 657 (2003) ...................................................................................... 19

*Melchoir v. New Line Productions, Inc.*,
106 Cal. App. 4th 779 (2003) ........................................................................... 14

*Mesler v. Bragg Management Co.*,
39 Cal. 3d 290 (1985) ....................................................................................... 14

Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)                    iv

*Mid-Century Insurance Co v. Gardner*,
9 Cal. App. 4th 1205 (1992) .......................................................................... 14

*Morris v. Homecomings Financial, LLC*,
2008 WL 3126258 (Slip Copy) (S.D. Cal. 2008) ..................................... 6, 7, 9

*Naftzger v. American Numismatic Society*,
42 Cal. App. 4th 421 (1996) ........................................................................ 13

*National Automobile & Casualty Insurance Co. v. Payne*,
261 Cal. App. 2d 403 (1968) ........................................................................ 12

*Nevijel v. North Coast Life Insurance Co.*,
651 F.2d 671 (9th Cir. 1981) ..................................................................... 7, 20

*Novarro v. Black*,
250 F.3d 729 (9th Cir. 2001) ......................................................................... 5

*Pareto v. F.D.I.C.*,
139 F.3d 696 (9th Cir. 1998) ....................................................................... 15

*Perez v. Roe*,
146 Cal. App. 4th 171 (2007) ...................................................................... 17

*Quelimane Co. v. Stewart Title Gua*,
19 Cal. 4th 26 (1998) .................................................................................. 10

*Seeger v. Odell*,
18 Cal. 2d 409 (1941) .................................................................................. 11

*Simpson v. Security First National Bank*,
71 Cal. App. 2d 154 (1945) ......................................................................... 23

*Sonora Diamond Corp. v. Superior Court*,
83 Cal. App. 4th 523 (2000) ........................................................................ 14

*Spates v. Dameron Hospital Association*,
114 Cal. App. 4th 208 (2003) ...................................................................... 12

*Strasberg v. Odyssey Group, Inc.*,
51 Cal. App. 4th 906 (1996) ........................................................................ 13

*Student Loan Marketing Association v. Hanes*,
181 F.R.D. 629 (S.D. Cal. 1998) .................................................................. 11

*Swanson v. Levy*,
509 F.2d 859 (1975) .................................................................................... 14

*Thompson v. Davis*, ,
295 F.3d 890 (9th Cir. 2002) ......................................................................... 5

Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)                    v

*Uhrich v. State Farm Fire & Casualty Co.,*
109 Cal. App. 4th 598 (2003)                                          10

*Utility Consumers' Action Network v. Sprint Solutions, Inc.,*
2008 WL 1946859 (Slip Copy) (S.D. Cal. 2008)                         13

*Vandenberg v. Superior Court,*
21 Cal. 4th 815 (1999)                                               16

*Weiss v. Marcus,*
51 Cal. App. 3d 590 (1975)                                           13

*Whann v. Doell,*
192 Cal. 680 (1923)                                                  21

*Williams ex rel. Tabiu v. Gerber Products Co.,*
523 F.3d 934 (9th Cir. 2008)                                          5

*Wyatt v. Union Mortgage Co.,*
24 Cal. 3d 773 (1979)                                                15

**STATUTES**

28 U.S.C. §1963                                                    8, 9

Federal Rule Civil Procedure

    8(a)                                                           2, 6

    8(e)                                                              6

    9(b)                                                         10, 11

    12(b)(6)                                                      passim

    12(e)                                                        passim

    56(c)                                                             3

2 Witkin, Cal. Procedure, (4th Ed. 1996)                            23

3 Witkin, Cal. Procedure (4th Ed.1997)                           12, 22

5 Witkin, Cal. Procedure (4th Ed. 1997)                      10, 11, 20

7 Witkin, Cal. Procedure (4th ed. 1997)                             16

Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)                vi

California Code of Civil Procedure

    § 337(1)    22

    § 338    12, 13

    § 1061    23

    § 3439.04    17

    § 3439    20

    § 3439.01    19

    § 3439.04    17, 18

    § 3439.07(c)    2, 3

    § 3439.09(c)    3

    § 708.210    8

California Uniform Fraudulent Transfers Act ("CUFTA")    2

Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)    vii

1  DORON WEINBERG (SBN 46131)
   LISA A. D'ORAZIO (SBN 252834)
2  WEINBERG & WILDER
   523 Octavia Street
3  San Francisco, CA 94102
   Telephone: (415) 431-3472
4
   DANIEL A. HOROWITZ (SBN 92400)
5  Attorney at Law
   120 - 11th Street, 2nd Floor
6  Oakland, CA 94607
   Telephone: (510) 444-4888
7
   Attorneys for Defendants PAVEL I. LAZARENKO and DUGSBERY, INC.
8
                    **UNITED STATES DISTRICT COURT**
9
              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
10

| 11 | IN RE UNIVERSAL TRADING & | ) | **Nos. CV 08-3632 and 06-MC-80086** |
| | | ) | **CRB** |
| 12 | INVESTMENT COMPANY, a | ) | |
| | Massachusetts Corporation, | ) | **DEFENDANTS' AND REAL PARTIES'** |
| 13 | | ) | **IN INTEREST MOTION TO DISMISS** |
| | Judgment Creditor | ) | **PLAINTIFF UTICo'S VERIFIED** |
| 14 | | ) | **COMPLAINT FOR JUDGMENT** |
| | REGISTERED JUDGMENT FROM | ) | **CREDITOR'S REMEDIES TO** |
| 15 | ANOTHER DISTRICT | ) | **SATISFY REGISTERED MONEY** |
| | | ) | **JUDGMENT, OR IN THE** |
| 16 | ——————————————————— | ) | **ALTERNATIVE, REQUEST FOR** |
| | | ) | **MORE DEFINITE STATEMENT;** |
| 17 | UNIVERSAL TRADING & INVESTMENT | ) | **MEMORANDUM OF POINTS AND** |
| | Co., | ) | **AUTHORITIES IN SUPPORT** |
| | Plaintiff and Judgment Creditor | ) | |
| 18 | | ) | |
| | vs. | ) | **DATE:    October 10, 2008** |
| 19 | | ) | **TIME:    10:00 A.M.** |
| | DUGSBERY, INC.; | ) | **COURT: 8, 19th Floor** |
| 20 | PAVLO I. LAZARENKO; | ) | **JUDGE:  Hon. Charles R. Breyer** |
| | LADY LAKE INVESTMENT, CORP.; | ) | |
| 21 | ORBY INTERNTIONAL, LTD.; | ) | |
| | UNITED ENERGY SYSTEMS OF | ) | |
| 22 | UKRAINE, PFG; | ) | |
| | TRUSTEES FOR PAVLO I. LAZARENKO | ) | |
| 23 | and DOES 1 to 100, | ) | |
| | | ) | |
| 24 | Defendants. | ) | |
| 25 | ——————————————————— | ) | |

26      PLEASE TAKE NOTICE that on October 10, 2008, at the hour of 10:00 a.m., or as

27  soon thereafter as counsel may be heard, in the U.S. Courthouse for the Northern District of

28  Defendants and Real Parties In Interest
    Motion to Dismiss Plaintiff UTICo's Verified
    Complaint for Judgment Creditor's Remedies
    to Satisfy Registered Money Judgment
    (Nos. CV-08-3632 and CV-06-MC-80086 CRB)          1

1  California, before the Honorable Charles R. Breyer, presiding, 450 Golden Gate Avenue, San

2  Francisco, CA 94102, Defendants and Real Parties in Interest Pavel Lazarenko and Dusgbery,

3  Inc., ("Defendants") will and hereby do move for an order dismissing Universal Trading &

4  Investment Company's (UTICo) Verified Complaint.

5       The motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6), and in the

6  alternative Federal Rule of Civil Procedure 12(e), and is based upon this Notice of Motion, the

7  accompanying Memorandum of Points and Authorities, the pleadings and papers on file herein,

8  and upon such other and further matter as may be adduced at the hearing.

9                    **MEMORANDUM OF POINTS AND AUTHORITIES**

10                                  **INTRODUCTION**

11      Defendants hereby move pursuant to Federal Rule of Civil Procedure 12(b)(6) for an

12  order dismissing Universal Trading & Investment Company's (UTICo) entire Verified

13  Complaint without leave to amend on the grounds that each Count fails to state a cognizable

14  legal theory or facts sufficient to support such theory. Leave to amend should not be granted

15  because UTICo cannot conceivably cure the deficiencies.

16      In the alternative, Defendants move pursuant to Federal Rule of Civil Procedure 12(e)

17  for a more definite statement on the grounds that the Verified Complaint utterly fails to comply

18  with Federal Rules of Civil Procedure 8(a) and 8(e). Defendants are prohibited from framing

19  responsive pleadings to the allegations as they now stand.

20                               **STATEMENT OF THE CASE**

21      On July 7, 2005, UTICo obtained a default judgment against United Energy Systems of

22  Ukraine ("UESU") in the United States District Court for the District of Massachusetts, setting

23  damages in an amount exceeding 18 million dollars.

24      On July 31, 2006, UTICo filed an ex parte application with this Court, pursuant to the

25  California Uniform Fraudulent Transfers Act ("CUFTA"), Cal. Civ.Code § 3439.07(c), for an

26  Order authorizing UTICo to levy execution on its judgment from the United States District

27

28  Defendants and Real Parties In Interest
    Motion to Dismiss Plaintiff UTICo's Verified
    Complaint for Judgment Creditor's Remedies
    to Satisfy Registered Money Judgment
    (Nos. CV-08-3632 and CV-06-MC-80086 CRB)        2

Court for the District of Massachusetts. (Docket # 6; Case No. 06-MC-80086MJJ.) UTICo

sought to levy execution on certain real property situated in Novato, California because the

property was allegedly acquired using the fraudulently transferred proceeds of UESU to avoid

payment on the default judgment. UTICo's Ex Parte Application alleged that it was entitled to

the property under the CUFTA, California Civil Code section 3439.07(c), which allows a

creditor who has obtained a judgment on a claim against a debtor, to levy execution on an asset

transferred or its proceeds. (Docket # 6; Case No. 06-MC-80086MJJ.)

On October 9, 2007, UTICo filed a Supplemental Application in Support of its Request

for an Order Confirming Levy of Execution. (Docket # 16; Case No. 06-MC-80086MJJ.)

On December 11, 2007, the Court issued an Order Denying Without Prejudice UTICo's

Application for an Order Confirming Levy of Execution on Real Property, because UTICo

failed to meet its burden under the CUFTA to establish that the transfers in question were made

with fraudulent intent and/or that UTICo sustained injury as a result of said transfers. (Docket #

31; Case No. 06-MC-80086MJJ.)

On February 29, 2008, Defendants filed a summary judgment motion against UTICo.

(Docket # 38; Case No. 06-MC-80086MJJ.) The Motion was brought pursuant to FRCP 56(c)

on the grounds that UTICo's claim under CUFTA was time-barred by Cal. Civ.Code

§ 3439.09(c), which imposes a mandatory bar to all claims if no action is brought within seven

years after a challenged transfer was made. On March 14, 2008, UTICo filed an Opposition

and Cross-Motion for Continuance to conduct additional discovery. (Docket # 39; Case No.

06-MC-80086MJJ.) UTICo argued that its original claim was not time-barred by the

limitations period contained in Cal. Civ.Code § 3439.09(c) and that additional discovery was

warranted because fraudulent transfers continued involving Lazarenko, Dugsbery Inc., Lady

lake Investment Co., and Orby International Inc., until "1-2 years ago or so." (Docket # 39 at 5;

Case No. 06-MC-80086MJJ.)

On March 27, 2008, the Court issued an Order Granting Defendants' Motion for

Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)                3

1    Summary Judgment and Denying UTICo's Cross-Motion for Continuance.  The Court found

2    that the undisputed record established that CUFTA's seven-year statute of limitations expired

3    before UTICo filed its Application in the action.  (Docket # 43; Case No. 06-MC-80086MJJ.)

4    On April 23, 2008, UTICo filed a Verified Amended and Supplemental Application to

5    Confirm Levy on Real Property held in the name of Dugsbery, Inc.  (Docket # 48; Case No. 06-

6    MC-80086CRB.)

7    On May 6, 2008, UTICo filed a Verified Complaint "for collection on the judgment

8    debt, arising from the federal judgment for money, made by the U.S. District Court for the

9    District of Massachusetts ..."   (Docket # 50 at 1; Case No. 06-MC-80086CRB.)

10    On July 3, 2008, having granted Defendants' and Real Parties in Interest's Motion for

11    Summary Judgment, Judgment was entered in favor of Defendants and against UTICo.

12    (Docket # 62; Case No. 06-MC-80086CRB.)

13    On July 29, 2008, UTICo filed a Notice of Appeal from Summary Judgment.  (Docket

14    # 66; Case No. 06-MC-80086CRB.)

15    On July 29, 2008, UTICo filed a Verified Complaint for Judgment Creditor's Remedies

16    to Satisfy Registered Money Judgment.  (Docket #1; Case No. 08-3632CRB.)  The Complaint

17    consists of 138 paragraphs of discursive, immaterial, and conclusory assertions, and proffers

18    nine Counts:  (1) Judgment Debt Recovery, (2) Fraud and Misrepresentations, (3) Conversion,

19    (4) Unjust Enrichment, (5) Piercing the Corporate Veil - Alter Ego - Liability of General

20    Partner, (6) Civil Conspiracy, (7) Fraudulent Conveyances, (8) Accounting, and (9) Declaratory

21    Judgment.  Not a single Count states a claim upon which relief can be granted.  UTICo's entire

22    Complaint must be dismissed without leave to amend.

23    ///

24    ///

25    ///

26

27

28    Defendants and Real Parties In Interest
      Motion to Dismiss Plaintiff UTICo's Verified
      Complaint for Judgment Creditor's Remedies
      to Satisfy Registered Money Judgment
      (Nos. CV-08-3632 and CV-06-MC-80086 CRB)                4

1

**ARGUMENT**

2  I.    **PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6),
       DISMISSAL OF UTICO'S ENTIRE VERIFIED COMPLAINT WITHOUT**
3      **LEAVE TO AMEND IS WARRANTED, AS UTICO FAILS TO STATE A
       CLAIM UPON WHICH RELIEF CAN BE GRANTED; IN THE**
4      **ALTERNATIVE, DEFENDANTS MOVE FOR A MORE DEFINITE
       STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE**
5      **12(E), AS UTICO HAS  FAILED TO COMPLY WITH RULES 8(A) AND 8(E).**

6      **A.    Legal Standards.**

7          **1. Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss.**

8          A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the

9  complaint. Fed.R.Civ.Proc. 12(b)(6); *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir.2001).

10  Where a plaintiff's allegations fail to state a claim upon which relief can be granted - i.e. they

11  do not suggest a cognizable legal theory or sufficient facts to support such a theory - Federal

12  Rule of Civil Procedure 12(b)(6) requires the court to dismiss the complaint. *Balistreri v.*

13  *Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990).  Dismissal for failure to state a claim

14  does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in

15  support of its claim that would entitle it to relief.  *Bell Atlantic Corp. V. Twombley,* 127 S.Ct.

16  1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99(1957)).

17          A plaintiff's obligation to provide the grounds of his entitlement to relief requires more

18  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

19  not do. *Bell Atlantic Corp. v. Twombley, supra* 127 S.Ct. 1955, 1964-65 (citations omitted.)

20  Factual allegations must be enough to raise a right to relief above the speculative level. *Ibid*.

21  "A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to

22  state a claim to relief that is plausible on its face.'" *Williams ex rel. Tabiu v. Gerber Products*

23  *Co.,* 523 F.3d 934, 938 (9th Cir. 2008), quoting *Bell Atlantic Corp. v. Twombley*, 127 S.Ct.

24  1955, 1974 (2007).

25          While the court must assume the truth of all factual allegations and construe all

26  inferences from them in the light most favorable to the nonmoving party, *Thompson v. Davis,*

27

28  Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)              5

1   295 F.3d 890, 895 (9th Cir.2002), legal conclusions need not be taken as true merely because

2   they are cast in the form of factual allegations. *Ileto v. Glock, Inc.,* 349 F.3d 1191, 1200 (9th

3   Cir.2003).

4           Dismissal without leave to amend is appropriate when the Court is satisfied that the

5   deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey,*

6   353 F.3d 750, 758 (9th Cir.2003) citing *Chang v. Chen,* 80 F.3d 1293, 1296 (9th Cir.1996);

7   *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000).

8                      **2.      Federal Rule of Civil Procedure 12(e) Motion for A More Definite**
                               **Statement**.
9

10          Under Federal Rule of Civil Procedure 12(e), if a complaint is so vague or ambiguous

11  that the opposing party cannot reasonably frame a responsive pleading, the party may move for

12  a more definite statement before interposing a responsive pleading. *Morris v. Homecomings*

13  *Financial LLC,* Slip Copy 2008 WL 3126258, *1 (S.D.Cal.2008). A Rule 12(e) motion for a

14  more definite statement must be considered in light of Federal Rule of Civil Procedure 8's

15  liberal pleading standards in federal court. *Ibid.* (Citations omitted.) Under Rule 8(a),

16  complaints are required to set forth (1) a statement of the grounds upon which the court's

17  jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and

18  (3) a demand for the relief plaintiff seeks. *Ibid.* Rule 8(e) requires that each averment of a

19  pleading be simple, concise, and direct. Fed.R.Civ.P. 8(e).

20          A pleading must be sufficiently intelligible for the court to be able to make out one or

21  more potentially viable legal theories on which the claimant might proceed, and it must not be

22  so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in

23  good faith or without prejudice to himself. *Ibid.,* citing Wright & Miller, Federal Practice and

24  Procedure (2d Ed.) §1376; see also, *Margarita Cellars,* 189 F.R.D. 575, 578 (N.D.Cal.1999)

25  (the proper test in evaluating a motion under Rule 12(e) is whether the complaint provides

26  defendant with a sufficient basis to frame his responsive pleadings.) When the factual detail is

27  so sketchy that the complaint does not provide the type of notice of the claim to which the

28  Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)                    6

1  defendant is entitled under Rule 8, *dismissal* is proper[1].  *Morris v. Homecomings Financial*

2  *LLC, supra,* 2008 WL 3126258, *1 .

3      **B.    Pursuant to Rule 12(b)(6), UTICo's Verified Complaint Must be Dismissed
           Without Leave to Amend; In The Alternative, Defendants Move for a More
4          Definite Statement Pursuant to Rule 12(e).**

5      Dismissal of the entire Verified Complaint is warranted pursuant to Rule 12(b)(6).

6  Beyond asserting conclusions and labels, the Verified Complaint fails to allege either

7  cognizable legal theories or facts sufficient to support such theories.  Indeed, UTICo does not

8  even allege facts to support the essential elements of any claim.  Because the deficiencies in the

9  Complaint cannot conceivably be cured by amendment, dismissal without leave to amend is

10  appropriate.

11     In the alternative, a more definite statement is warranted.  UTICo has eschewed the

12  traditional pleading style.  It's Verified Complaint is anything but clear and concise; rather, it is

13  largely incomprehensible.  The Complaint consists of 137 paragraphs that mix irrelevant

14  factual allegations with attempted legal argument in a discursive and confusing way.  After 99

15  paragraphs, UTICo sets forth nine purported grounds for relief.  While UTICo has at least

16  segregated these nine proffered grounds for relief, it makes no attempt to link *relevant* factual

17  allegations with the claims, thereby leaving Defendants guessing as to how the claims alleged

18  could possibly be tied to the facts of this case.

19     Defendants cannot, moreover, discern the locus points or time periods of each claim.

20

21  _____

          [1]

22  Even if the factual elements of the cause of action are present, but are scattered throughout the
23  complaint and are not organized into a "short and plain statement of the claim," dismissal for
    failure to satisfy Rule 8(a)(2) is proper.  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir.1996)
24  (stating that a complaint should set forth "who is being sued, for what relief, and on what theory,
    with enough detail to guide discovery." (emphasis added)).  A complaint that fails to comply
25  with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Rule 41(b).Rule 8; *Nevijel
    v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir.1981)).  Further, "[t]he propriety of
26  dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly
27  without merit."  *McHenry*, 84 F.3d at 1179.

28  Defendants and Real Parties In Interest
    Motion to Dismiss Plaintiff UTICo's Verified
    Complaint for Judgment Creditor's Remedies
    to Satisfy Registered Money Judgment
    (Nos. CV-08-3632 and CV-06-MC-80086 CRB)          7

1   As a result, Defendants are forced to guess as to choice of law and are effectively prohibited

2   from raising statute of limitations defenses. Thus, UTICo's Verified Complaint is far from

3   compliance with Rules 8(a) and 8(e). Defendants cannot frame responsive pleadings in good

4   faith and without prejudice; UTICo must provide a more definite statement.

5        Defendants will address each "Count" with more specificity.

6        **1.    Count One: Judgment Debt Recovery.**

7            **a.    Dismissal is Warranted Pursuant to Rule 12(b)(6).**

8        Count One alleges "Judgment Debt Recovery," and states that "[p]ursuant to 28 U.S.C.

9   §1963, Cal.Civ.Proc.708.210 et. seq. and other law, UTICo is entitled to sue on the judgment

10  debt." (Verified Complaint, 22:24.) UTICo has failed to state a claim.

11       28 U.S.C. §1963 provides for judgment in an action for the recovery of money or

12  property entered in a district court to be registered in another district. The statute does not,

13  however, give the judgment creditor a new judgment. *Juneau Spruce Corp. v. International*

14  *Longshoremen's & Warehousemen's Union,* 128 F. Supp. 697 (D. Hawaii 1955). The

15  registration confers no power on the court in the district in which a judgment is registered over

16  the judgment itself, and the court thus does not have the power to review the original

17  proceedings and question the validity or propriety of the judgment. *Id., at* 699-700. The

18  Default Judgment UTICo seeks to register in this Court was entered against United Energy

19  Systems of Ukraine, PFG, a Ukrainian corporation. The Default Judgment was not entered

20  against Defendants and therefore, standing alone, does not provide a basis for relief against

21  Defendants.

22       California Code of Civil Procedure § 708.210 allows a judgment creditor to commence

23  enforcement proceedings against a third person who has possession of property in which the

24  judgment debtor has an interest, or where the third person is indebted to the judgment debtor.

25  UTICo, however, fails to make any factual allegations that would support a creditor's suit

26  under CCP § 708.210. Indeed, UTICo does not allege that Defendants constitute a *third party*

27

28  Defendants and Real Parties In Interest
    Motion to Dismiss Plaintiff UTICo's Verified
    Complaint for Judgment Creditor's Remedies
    to Satisfy Registered Money Judgment
    (Nos. CV-08-3632 and CV-06-MC-80086 CRB)            8

1  in possession of property in which UTICo has an interest, or that Defendants are indebted to

2  UTICo.  Code.Civ.P. § 708.210; (See Verified Complaint pgs 22:25-28, 23:1-20.)

3  Thus, UTICo has failed to state a claim upon which relief can be granted, as it has

4  failed to assert facts sufficient to support either legal theory.  Dismissal is warranted pursuant

5  to Rule 12(b)(6).

6  **b.    In the Alternative, Defendants Request a More Definite**
   **Statement Pursuant to Rule 12(e).**

7

8  Count One fails to comply with Rules 8(a) and 8(e); it is utterly unintelligible.  UTICo's

9  allegations within this single Count are so numerous, broad-sweeping, and contradictory that

10  Defendants are confused about the basis for the claims.  See *Morris v. Homecomings*

11  *Financial, LLC,* 2008 WL 3126258 (Slip Copy) (S.D.Cal.2008) (citations omitted) (Finding

12  that allegations that are vague, broad-sweeping and largely unintelligible do not give adequate

13  notice to defendant of the claims against it.)

14  Count One alleges "Judgment Debt Recovery," and states that "[p]ursuant to 28 U.S.C.

15  §1963, Cal.Civ.Proc. 708.210 et seq *and other law*, UTICo is entitled to sue on the judgment

16  debt." (Verified Complaint, 22:24)(emphasis added.)  Also within this Count, UTICo alleges

17  that Defendants should be liable pursuant to "*all possible remedies* ... including, *but not*

18  *limited*, to piercing corporate veil, alter ego doctrine, conversion of assets, fraud, fraudulent

19  transfers and unjust enrichment." (Verified Complaint 23:10)(emphasis added.)  For one,

20  Defendants must know what "*other law*" and "*all possible remedies*" UTICo is referring to in

21  order to adequately respond.

22  Moreover, while inconsistent claims are permissible in separate counts, UTICo's style

23  of incorporating multiple seemingly inconsistent claims in a single count is confusing and

24  impossible to defend against.  Defendants are also unsure whether Count One is perhaps

25  intended as merely an introduction to the other Claims.

26  Further, the complaint employs the disfavored practice of incorporating all prior

27

28  Defendants and Real Parties In Interest
   Motion to Dismiss Plaintiff UTICo's Verified
   Complaint for Judgment Creditor's Remedies
   to Satisfy Registered Money Judgment
   (Nos. CV-08-3632 and CV-06-MC-80086 CRB)          9

1 | paragraphs within each purported cause of action. "This type of pleading should be avoided as
2 | it tends to cause ambiguity and creates redundancy." *Kelly v. General Telephone Co.,* 136
3 | Cal.App.3d 278, 285 (1982); *Uhrich v. State Farm Fire & Cas. Co.,* 109 Cal.App.4th 598
4 | (2003). This is precisely what occurred here. UTICo incorporates the 99 preceding paragraphs
5 | into Count One. The preceding 99 paragraphs, however, are filled with immaterial prolixity
6 | and do not elucidate the grounds for Count One (or any Count). Thus, a more definite
7 | statement is warranted so that Defendants can respond to these allegations in good faith.

8 | 2.    **Count Two: Fraud.**

9 | a.    **Dismissal is Warranted Pursuant to 12(b)(6).**

10 | A cause of action for fraud is subject to particularly strict requirements of pleading.
11 | The facts constituting the fraud, including every element of the cause of action must be alleged
12 | factually and specifically. *Committee on Children's Television, Inc. v. General Foods Corp.,*
13 | 35 Cal.3d 197, 216-217 (1983); Fed. R.Civ.P 9(b). The objectives are to give the defendant
14 | notice of definite charges which can be intelligently met, and to permit the court to determine
15 | whether, on the facts pleaded, there is any prima facie foundation for the charge of fraud. *Id.*
16 | The policy of liberal construction of the pleadings will not ordinarily be invoked to sustain a
17 | fraud pleading defective in any material respect. *Quelimane Co. v. Stewart Title Guaranty Co.,*
18 | 19 Cal.4th 26 (1998); *Committee On Children's Television, Inc.,* at 216-217; 5 Witkin, Cal.
19 | Procedure (4th Ed. 1997) Pleading, § 669, p. 125.

20 | The elements of a fraud cause of action are: (1) a misrepresentation; (2) knowledge of
21 | falsity; (3) intent to defraud; (4) justifiable reliance, and; (5) resulting damage. *Cargill Inc. V.*
22 | *Progressive Dairy Solutions,* 2008 WL 2235354 (E.D.Cal.2008).

23 | UTICo's fraud cause of action fails because it does not specifically and factually allege
24 | any, let alone each element. Fed.R.Civ.P. 9(b). UTICo simply asserts several disconnected
25 | facts. (Verified Complaint 23:23-24:08.) UTICo must plead, however, at the least that
26 | Defendants made a representation with the intent to induce UTICo to act in a particular way,

27 |

28 | 
Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)          10

1  and that UTICo did so act to its damage. *See e.g., Seeger v. Odell,* 18 Cal.2d 409, 414 (1941).

2  Aside from the fact that Defendants are unable to discern a conceivable factual basis for

3  UTICo's fraud cause of action, UTICo does not, and cannot allege that it relied on an

4  intentionally false misrepresentation made by Defendants to its damage.  5 Witkin, Cal.

5  Procedure (4th ed. 1997) Pleading, §§ 668, 686, pp. 123, 145-146.

6       Thus, Count Two must be dismissed because UTICo fails to even allege facts to support

7  each element of a cause of action for fraud. See, e.g, *Student Loan Marketing Ass'n v. Hanes,*

8  181 F.R.D. 629, 636 (S.D.Cal.1998) (dismissing complaint for fraud where the court was

9  unable to determine a basis for the claim and where allegations were convoluted and unclear.);

10  Fed. R.Civ.P 9(b).

11       The deficiencies here cannot be cured by amendment.  UTICo apparently attempts to

12  create a remedy whereby, it is permitted to satisfy a debt it obtained against UESU with

13  Defendant Lazarenko's assets, because Defendant Lazarenko allegedly committed fraud.  There

14  is no logical or legal connection between these claims   Thus, dismissal without leave to amend

15  is appropriate. *Jackson v. Carey,* 353 F.3d 750, 758 (9th Cir.2003) (dismissal without leave to

16  amend is appropriate when it is clear the complaint can't be saved by amendment.).

17            **b.     In the Alternative, Defendants Request a More Definite
                       Statement Pursuant to Rule 12(e).**

18

19       In the alternative, Defendants move for a more definite statement for similar reasons.

20  The facts alleged by UTICo relating to this Count are confusing, irrelevant and leave

21  Defendants guessing as to the facts and theory of this Claim.  (See Verified Complaint 23:24-

    24:09.)

22

23       For example, UTICo alleges, "Lazarenko, using a Panamanian passport, undertook to

    cut the money trail including, on one occasion the issuance of two bearer banker's checks for
24

25  $48 million each.  These fraudulent transactions, in various jurisdictions, were undertaken to

    defraud creditors, i.e., this Judgment Creditor." (Verified Complaint 23:28-24:03.)  According
26

27  to the Verified Complaint, however, Lazarenko allegedly traveled on a Panamanian passport in

28  Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)          11

1  December 1998. (7:18.) Defendants are unable to discern how Lazarenko's alleged activity in

2  1998 could possibly render him liable for the Judgment Debt entered in 2005 against UESU.

3  Defendants also must know what specific "fraudulent transactions" and in which "various

4  jurisdictions" UTICo refers to in order to adequately formulate a response to this peculiar

5  theory.

6  Moreover, UTICo's vague assertion that "[a]t all times relevant here, Lazarenko and his

7  privies used fraud to render a judgment uncollectible," fails to plead with sufficient

8  particularity when the alleged fraud occurred. Defendants cannot discern whether the requisite

9  factual elements and dates are scattered throughout the complaint, as the complaint is verbose

10 and largely unintelligible. Defendants are thus precluded from raising, a likely viable defense

11 of statute of limitations. (See, Cal.Code.Civ.P. section 338, subdivision (d), which provides a

12 three-year period for bringing an action based on fraud that commences after the discovery of

13 the facts constituting the fraud or mistake. *National Auto. & Cas. Ins. Co. v. Payne*, 261

14 Cal.App.2d 403 (1968); 3 Witkin, Cal. Procedure (4th ed.1997) Actions, § 596, p. 767.)

15 Thus, UTICo's Fraud Count fails to comply with Rules 8(a)&(e) and 9(b) and a more

16 definite statement is warranted.

17 **3.     Count Three: Conversion**.

18 **a.     Dismissal is Warranted Pursuant to 12(b)(6).**

19 Conversion is the wrongful exercise of dominion over the property of another. The

20 elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the

21 property; (2) the defendant's conversion by a wrongful act or disposition of property rights, and;

22 (3) damages. *Spates v. Dameron Hospital Ass'n*, 114 Cal.App.4th 208, 221 (2003).

23 Instead of pleading the elements of a conversion cause of action, UTICo alleges that

24 Defendants intentionally, despicably, maliciously, willfully, and with a conscious disregard for

25 the superior rights of Judgment Creditor, misappropriated and or embezzled funds that should

26 be available for paying off the judgment debt. (Verified Complaint 24:12-23.) In addition to

27

28 Defendants and Real Parties In Interest
   Motion to Dismiss Plaintiff UTICo's Verified
   Complaint for Judgment Creditor's Remedies
   to Satisfy Registered Money Judgment
   (Nos. CV-08-3632 and CV-06-MC-80086 CRB)          12

1    failing to plead any of the requisite elements, UTICo cannot state a cause of action for

2    conversion for several other reasons.

3         First, as a general rule, "where the relationship of debtor and creditor only exists,

4    conversion of the funds representing the indebtedness will not lie against the debtor, unless he

5    holds the deposit in a fiduciary capacity and is bound to return" the money to the owner.

6    *Utility Consumers' Action Network v. Sprint Solutions, Inc.* Slip Copy, 2008 WL 1946859

7    (S.D.Cal.2008). Thus, even assuming, *arguendo*, that Defendants - as opposed to UESU - are

8    the debtors, UTICo's conversion claim is still facially insufficient.

9         Second, money can only be the subject of an action for conversion if a specific sum

10   capable of identification is involved. *Weiss v. Marcus*, 51 Cal.App.3d 590, 599 (1975). UTICo

11   has not identified a specific sum of money that was allegedly converted by Defendants and

12   would give rise to recovery of the judgment debt.

13        Similar to the fraud claim, UTICo's failure to specify the date of the alleged conversion

14   should be viewed as a failure to allege that the claim falls within the three year period of

15   limitations for a conversion claim. Code Civ. Proc., § 338. subd. (c). The statute of limitations

16   begins to run from the date of the conversion even when the injured owner is ignorant of the

17   violation of his rights. *Strasberg v. Odyssey Group, Inc.*, 51 Cal.App.4th 906, 916 (1996);

18   *Naftzger v. American Numismatic Society*, 42 Cal.App.4th 421, 429 (1996). UTICo filed this

19   Complaint on July 29, 2008, and has not pleaded dates to demonstrate that a conversion cause

20   of action has arisen since July 2005.

21        Thus, Count Three warrants dismissal for failure to state a claim. Due to the

22   aforementioned incurable deficiencies, dismissal without leave to amend is appropriate.

23                    **b.    In the Alternative, Defendants Request a More Definite
                             Statement Pursuant to Rule 12(e).**

24

25        The vague and confusing articulation of this claim again leaves Defendants guessing as

26   to what facts could possibly constitute a claim for conversion. Defendants are unable to even

27

28
Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)                13

1  hypothesize as to how these facts support UTICo's conversion claim.  A more definite

2  statement is warranted so that Defendants may respond to this claim in good faith

3              **4.      Count Four: Unjust Enrichment.**

4         There is no cause of action for unjust enrichment.  *Cargill Inc. V. Progressive Dairy*

5  *Solutions*, 2008 WL 2235354 (E.D.Cal.2008);  *Melchoir v. New Line Productions, Inc.*, 106

6  cal.App.4th 779, 794 (2003).  Accordingly, as a matter of law, UTICo's unjust enrichment

7  claim fails and must be dismissed without leave to amend.

8              **5.      Count Five: Piercing the Corporate Veil, Alter Ego; Liability of
                          General Partner.**

9

10             **a.      Dismissal is Warranted Pursuant to 12(b)(6).**

11        UTICo argues that for the purposes of satisfying UESU's judgment debt, UESU's

12  corporate veil should be pierced and / or Lazarenko should be held as UESU's alter ego.

13  (Verified Complaint 25:17-18.)

14        In order to justify piercing the corporate veil, the individual sought to be charged must

15  not only be the sole owner and manager of the corporation, but there must be: (1) such a unity

16  of interest and ownership that the individuality, or separateness, of the said person and

17  corporation has ceased to exist, and; (2) the facts must be such that to deny individual liability

18  would sanction a fraud or promote injustice.  *Mesler v. Bragg Management Co.*, 39 Cal.3d 290

19  (1985)*; Design Associates, Inc. v. Welch*, 224 Cal.App.2d 165 (1964).  Veil-piercing should

20  rest on the effect that the "manner of doing business has on the particular transaction involved."

21  *(Swanson v. Levy* (1975) 509 F.2d 859, 862.)  Alter ego is an extreme remedy, sparingly used.

22  *Sonora Diamond Corp. v. Superior Court*, 83 Cal.App.4th 523, 538-539 (2000).

23        UTICo has failed to allege sufficient facts to state a claim for piercing the corporate

24  veil.    UTICo's allegations relating to Count Five are conclusory and irrelevant (see Verified

25  Complaint 25:07-16) and do not support either element under a claim for piercing the corporate

26  veil.  *See, e.g., Mid-Century Ins. Co v. Gardner*, 9 Cal.App.4th 1205, 1215 (1992) (corporate

27  veil should not be pierced where there is no evidence of Defendant treating corporate assets as

28  Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)              14

his own or disregarding the separate nature of the business; domination and control is not

significant in isolation); *Haskell v. Time, Inc.*, 857 F.Supp. 1392 (E.D.Cal.1992) (dismissing

suit to pierce corporate veil where plaintiff failed to allege sufficient facts.)  Accordingly,

Count Five must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  See, e.g.,

*Pareto v. F.D.I.C.*, 139 F.3d  696, 699 (9th Cir. 1998) (conclusory allegations of law and

unwarranted inferences are not sufficient to defeat a motion to dismiss.)

### b.    In the Alternative, Defendants Request a More Definite Statement Pursuant to Rule 12(e).

For similar reasons, a more definite statement is warranted.  To support this claim

UTICo alleges conclusory, contradictory, and seemingly irrelevant facts, and gives a time

period of, "at all times."  (Verified Complaint 25:06-21.)  Indeed, UTICo appears to argue

within the same paragraph that UESU is a corporation and also a general partnership.  (Verified

Complaint 25:07-10, 17-18.)  Defendants are once again left guessing as to how the facts of

this case could possibly support the claim, and what the proffered claim is.  While UTICo

incorporates by reference paragraphs 1 through 117, as previously mentioned, it is impossible

for Defendants to determine which, if any relevant facts are perhaps floating amidst the verbose

and incomprehensible 117 paragraphs.  UTICo's failure to comply with Rules 8(a) and 8(e)

prohibits Defendants from responding in good faith to this claim.

### 6.    Dismissal is Warranted of Count Six: Civil Conspiracy.

Civil conspiracy is not a separate and distinct cause of action.  *Cargill Inc. V.*

*Progressive Dairy Solutions*, 2008 WL 2235354, *18 (E.D.Cal.2008); *Applied Equipment v.*

*Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 511 (1994); *Wyatt v. Union Mortgage Co.* 24 Cal.3d

773, 784 (1979).

Civil Conspiracy is a legal doctrine that imposes liability on persons who, although not

actually committing a tort themselves, share with the immediate tortfeasors a common plan or

design in its perpetration.  *Applied Equipment,* 7 Cal.4th at 510-11.  Only to the extent that a

plaintiff proves the elements of civil conspiracy between Defendants related to any prevailing

Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)            15

1  cause of action, is a plaintiff entitled to recover.  Still, UTICo would have to plead the elements

2  of civil conspiracy: (1) the formation and (2) operation of the conspiracy, and (3) damage

3  resulting to plaintiff from an act or acts done in furtherance of the common design.  *Cargill Inc*,

4  *supra* at 18, *quoting Applied Equipment*, 7 Cal.4th at 511.

5      Even if civil conspiracy were a cause of action, the Complaint offers no specific

6  allegations concerning civil conspiracy.  The complaint does not allege any agreement between

7  the Defendant and any other entity or person to perform a wrongful act or knowledge that the

8  act was wrong.

9      Accordingly, as a matter of law, UTICo's civil conspiracy claim fails and must be

10  dismissed without leave to amend pursuant to Rule 12(b)(6).

11              **7.    Count Seven: Fraudulent Conveyances.**

12                  **a.    Count Seven Must be Dismissed.**

13      The doctrine of res judicata, which precludes the relitigation of certain matters which

14  have been resolved in a prior proceeding, precludes UTICo from raising Count Seven.  7

15  Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 280, p. 820.  Its purpose is "to preserve the

16  integrity of the judicial system, promote judicial economy, and protect litigants from

17  harassment by vexatious litigation."  *Vandenberg v. Superior Court*,  21 Cal.4th 815, 829

18  (1999).

19      The prerequisite elements for applying the doctrine to either an entire cause of action or

20  one or more issues are the same: (1) A claim or issue raised in the present action is identical to

21  a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final

22  judgment on the merits; and (3) the party against whom the doctrine is being asserted was a

23  party or in privity with a party to the prior proceeding.  *Brinton v. Bankers Pension Services,*

24  *Inc.*, 76 Cal.App.4th 550, 556 (1999) (citations omitted.)  Claim preclusion bars UTICo from

25  asserting Count Seven.

26      First, Count Seven realleges a basis for recovery under the CUFTA already addressed

27

28  Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)                16

1  and dismissed in this Court's Order Granting Defendant's Motion for Summary Judgment.

2  (Docket # 43; Case No. 06-MC-80086MJJ); *In Re Universal Trading & Inv. Co.*, 2008 WL

3  823539 (Slip Copy) (N.D.Cal.2008).

4  Second, the prior proceedings resulted in a final judgment on the merits.[2] UTICo's new

5  fraudulent transfers claim neither alleges new facts, a new claim, nor an alternative theory

6  subject to a different limitations period. Thus, despite the fact that summary judgment in the

7  previous suit was granted on statute of limitations basis, it is entitled to res judicata effect

8  under California law. *Perez v. Roe*, 146 Cal.App.4th 171, 186 (2007).

9  Third, the parties in the instant suit are identical to those in the previous suit. Both suits

10  involve UTICo acting as Judgment Creditor, and defendants Pavel I. Lazarenko and Dugsbery,

11  Inc. Thus, claim preclusion bars UTICo from asserting Count Seven and dismissal is

12  warranted.

13  Dismissal is also warranted under Federal Rule of Civil Procedure 12(b)(6) because

14  UTICo has not alleged facts which conform to the essential elements of a claim under the

15  CUFTA. In fact, UTICo attempts to apply the CUFTA in an unprecedented way; the facts it

16  alleges are simply incompatible with a CUFTA claim.

17  Under the California Uniform Fraudulent Transfers Act, California Civil Code,

18  §3439.04, a transfer made or obligation incurred by a debtor is fraudulent as to a creditor,

19  whether the creditor's claim arose before or after the transfer was made or the obligation was

20  incurred, if the debtor made the transfer or incurred the obligation (a) with actual intent to

21  hinder, delay or defraud any creditor or (b) without receiving reasonably equivalent value in

22  exchange for the transfer or obligation, and the debtor either was engaged or about to engage

23  in a business transaction for which the remaining assets of the debtor were unreasonably small

24

25  [2]

26  Should this Court find that the resolution of UTICo's Appeal from the Summary Judgment Dismissal is required before deciding the res judicata effect of that judgment,

27  Defendants request a stay of proceedings.

28  Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)                    17

1    ... or intended to incur debts beyond his or her ability to pay as they became due. *Annod*

2    *Corporation v. Hamilton & Samuels* (2002) 100 Cal.App.4th 1286; Cal.Civ.Code 3439.04.

3    Under section 3439.07(c) if a creditor has obtained a judgment on a claim against the debtor,

4    the creditor may levy execution on the asset transferred or its proceeds.

5        UTICo's claim under the CUFTA fails for numerous reasons. For one, UTICo does not

6    even allege that a fraudulent transfer was made by the *debtor* UESU. (See Verified Complaint

7    26:03-09, 22:07-21.) A fraudulent conveyance involves a transfer by the debtor of property to

8    a third person undertaken with the intent to prevent a creditor from reaching that interest to

9    satisfy its claim. *Filip v. Bucurenciu*, 129 Cal.App.4th 825 (2005). Thus, an essential element

10   of any cause of action brought under the CUFTA is the existence of an actual transfer made by

11   the *debtor* to a third party. *In re Ponce Nicasio Broadcasting, LP.*, 2008 WL 361081, *6

12   Bkrtcy. (E.D.Cal.,2008) (Slip Copy).

13       Here, UTICo obtained a judgment against UESU and not Defendants. Thus, UESU is

14   the debtor. The October 18 2006 transfer that UTICo attacks as a basis for its claim was not

15   made by the debtor UESU. (see Verified Complaint 26:07-09.) UTICo does not allege a

16   transfer made by UESU as the basis for its claim under the CUFTA. Instead, UTICo's CUFTA

17   claim peculiarly rests on a purported transfer of "the rights and powers to hold Dugsbery,"

18   which allegedly *"reverted"* from Orby, BVI, to Dugsbery's parent Lady Lake, revived in

19   Antigua." (See Verified Complaint 26:08, 22:18-21.) UTICo describes this transfer as a

20   transfer "of certain holding powers between two offshore entities in the BVI and Antigua,

21   affecting assets in California." (Verified Complaint 26:08-09.) UTICo has not asserted a

22   cognizable cause of action under the CUFTA because it has not alleged the essential element of

23   an intentional transfer made by the debtor to a transferee.

24       Moreover, while UTICo broadly alleges that Defendant Lazarenko made fraudulent

25   transfers, neither is Lazarenko the debtor. Under any theory of fraudulent transfers based on

26   UTICo's judgment against UESU, Defendants could only be viewed as a third party transferee.

27

28   Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)                18

1  Because a claim under the CUFTA is triggered by a transfer from a debtor to a third party, any

2  subsequent transfers made by the third party transferee are irrelevant and cannot give rise to a

3  CUFTA claim. To hold otherwise,  would render the CUFTA's statute of limitations period

4  ineffectual as any subsequent transfer made by a transferee could give rise to a claim, even

5  though the initial transfer made by the *debtor* may have occurred outside the limitations period.

6          Even assuming, *arguendo*, that transfers made by an alleged transferee could give rise

7  to a claim under the CUFTA, UTICo's claim still fails. The essence of a "fraudulent

8  conveyance" is the diminution of the debtor's estate to the detriment of the creditor's right of

9  realization. *Lynch v. La Fonte*, 37 F.Supp. 499 (S.D.Cal.1941);  See, e.g., *Gagan v. Gouyd*. 73

10  Cal.App.4th 835, 842 (1999) (holding that the transfer of property by a married couple to a

11  revocable trust was not a fraudulent transfer because the husband and wife remained the

12  beneficiaries and therefore they did not dispose or part with an asset or interest in an asset),

13  disapproved of on other grounds in *Mejia v. Reed*, 31 Cal.4th 657, 3 (2003); Cal.Civ.Code

14  §3439.01(A transfer includes "every mode, ..., of *disposing of or parting* with an asset or an

15  interest in an asset, and includes payment of money, release, lease, and creation of a lien or

16  other encumbrance.")

17          The transfers alleged by UTICo are not cognizable transfers under the CUFTA because

18  UTICo does not allege that Defendants disposed of or parted with an interest. UTICo alleges:

19  "Lazarenko used fraudulent transfers to convert UESU's proceeds and assets to *his personal*

20  *use* and illegal benefit." (Verified Complaint 26:04-05) (emphasis added). Thus instead of

21  alleging that Defendants are no longer in possession of the assets or property it seeks; UTICo

22  actually alleges the converse. Thus, UTICo does not allege a transfer of assets cognizable

23  under the CUFTA.        Accordingly, Count Seven must be dismissed pursuant to Rule 12(b)(6).

24          Leave to amend should not be granted as UTICo cannot cure these deficiencies. UTICo

25  has had ample opportunity to effectively make a fraudulent transfers claim, and has repeatedly

26  failed. On December 11, 2007, Judge Jenkins denied without prejudice UTICo's CUFTA

27

28  Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)            19

1  claim because UTICo failed to meet its burden to establish intent and injury. On March 28,

2  2008, Judge Jenkins granted summary judgment in favor of Defendants on this precise claim.

3  (See *Nevijel v. North Coast Life Insurance, Co., supra*, 651 F.2d 671, 674-75 (taking into

4  account the "history of the litigation" when ruling that dismissal with prejudice is warranted.)

5  Thus, this claim has already been dismissed without prejudice and dismissed on a motion for

6  summary judgment. Leave to amend should not be granted.

7             **b.    In the Alternative, Defendants Request a More Definite**
                      **Statement Pursuant to Rule 12(e).**

8

9        Count Seven states, "Fraudulent Conveyances (not only under California law)."

10  (Verified Complaint 26:01-02.) UTICo alleges that "at all relevant times, Lazarenko and his

11  privies used fraudulent transfers to convert UESU's proceeds and assets to his personal use and

12  illegal benefit, *inter alia* within the meaning of California Civil Code § 3439 *and/or the*

13  *analogous statutes and law in other jurisdictions, as applicable."* (Verified Complaint 26:04-

14  06) (emphasis added.)   Defendants must know on what *other law* UTICo basis the Fraudulent

15  Conveyances claim in order to adequately respond. In order to provide Defendants with

16  adequate notice, UTICo must also specify what it means by "at all relevant times" and also

17  what "analogous statutes and law in other jurisdictions" it believes are applicable.  Moreover,

18  because the preceding 126 paragraphs are verbose, largely unintelligible and contain irrelevant

19  facts, UTICo must specify which transfers it seeks to attack.  Without these basic facts,

20  Defendants are unable to adequately respond to this Count.

21             **8.    Count Eight: Accounting.**

22             **a.    Dismissal is Warranted Pursuant to 12(b)(6).**

23        In order to properly allege an action for accounting, UTICo must plead the existence of

24  a fiduciary or other relationship which requires an accounting; and allege that some balance is

25  due. *Kritzer v. Lancaster*, 96 Cal.App.2d 1, 7 (1950); 5 Witkin, Cal. Procedure (4th ed. 1997)

26  Pleading, § 776, pp. 233-234. In addition, UTICo must plead that an accounting is necessary.

27

28  Defendants and Real Parties In Interest
    Motion to Dismiss Plaintiff UTICo's Verified
    Complaint for Judgment Creditor's Remedies
    to Satisfy Registered Money Judgment
    (Nos. CV-08-3632 and CV-06-MC-80086 CRB)                    20

*Civic Western Corp. v. Zila Industries, Inc.*, 66 Cal.App .3d 1, 14 (1977). UTICo's accounting cause of action fails because UTICo has not plead the required components.

UTICo failed to allege the existence of a relationship between UTICo and Defendants which would justify an accounting, or any duty owed by Defendants to UTICo. In fact, Defendants do not have a relationship with UTICo. Under such circumstances, an obligation to provide an accounting cannot be invoked. *See, e.g., Kritzer v. Lancaster, supra,* 96 Cal.App.2d at pp. 7-8 (showing of employer-employee relationship, method of compensation, and performance of services showing some compensation to be due sufficient to state cause of action for accounting); *Fox v. Hall*, 164 Cal. 287, 290 (1912) (existence of fiduciary relationship sufficient to compel an accounting); *Whann v. Doell,* 192 Cal. 680, 684 (1923) (action for accounting is only permitted where "existence of the copartnership or other relationship which requires an accounting" is stated). There is no fiduciary relationship between Defendants and UTICo and no presumption of a confidential or business relationship; UTICo has not alleged otherwise.

UTICo also failed to plead that an accounting is necessary. While UTICo's complaint alleges that Defendants used numerous offshore accounts, trustees and bearer shares (Docket # 50 at 23), allegations of complicated accounts are not enough to state a claim for an accounting. *County of Santa Clara v. Astra USA, Inc.*, Slip Copy, 2006 WL 2193343 *6 (N.D.Cal.2006). Further, UTICo's accounting claim cannot survive because no action for accounting may be maintained if there is an adequate remedy at law; UTICo does not allege that there is no adequate remedy at law. *Ibid., citing Civic W. Corp. v. Zila Indus., Inc.*, 66 Cal.App.3d 1, 14 (1977).

Moreover, a claim made by UTICo for an accounting is derivative of its other claims. *County of Santa Clara, supra*, at *6. Because there are no viable independent claims, the accounting claim fails. Indeed, an accounting is a cause of action available to a wronged fiduciary and is dependent upon a substantive basis for liability. *Ibid.*, citing *Glue-Fold, Inc. v.*

Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)            21

*Slautterback Corp.*, 82 Cal.App.4th 1018, 1023, n. 3 (2000). Here, there is no fiduciary relationship and no substantive basis for liability.

A cause of action seeking an accounting is subject to the statute of limitations governing the underlying wrong. *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal.App.4th 1018, 1023, fn. 3 (2000). For example, if the cause of action is based on the breach of a written contract, the 4-year period of California Code of Civil Procedure section 337(1) applies; if the cause of action arises out of the breach of an oral agreement, the 2-year period of section 339(1) governs. 3 Witkin, Cal. Procedure, supra, Actions, § 623, p. 801. Here, even assuming that there was an underlying substantive claim, UTICo has failed to plead dates which would enable the claim to conform to either limitations period.

Count Eight must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state facts sufficient to support each element of an accounting cause of action. Leave to amend should not be granted as there is no fiduciary relationship between Defendants and UTICo and no presumption of a confidential or business relationship.

### b.    In the Alternative, Defendants Request a More Definite Statement Pursuant to Rule 12(e).

In the alternative, a more definite statement is warranted. Based on the aforementioned reasons Defendants are once again unable to discern a legal basis for the Count. In addition, UTICo's states that, "[p]ursuant to federal law, applicable to collection on federal judgments, and other law, Judgment Creditor is entitled to relief on this Count." (Verified Complaint 26:20-21.) Defendants must know what federal law and "other law" UTICo believes it is entitled to relief on in this Count.

### 9.    Count Nine: Declaratory Judgment.

### a.    Dismissal is Warranted Pursuant to 12(b)(6).

A cause of action for declaratory relief must demonstrate: (1) a proper subject of declaratory relief, and; (2) an actual controversy involving justiciable questions relating to the rights or obligations of a party. *Brownfield v. Daniel Freeman Marina Hospital*, 208

Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)                    22

Cal.App.3d 405, 410 (1989). The "actual controversy" requirement concerns the existence of a present controversy relating to the legal rights and duties of the respective parties pursuant to contract, statute or order. *Ibid.* A request for declaratory relief, however, will not create a cause of action that otherwise does not exist. *City of Cotati v. Cashman,* 29 Cal.4th 69, 80 (2002). Rather, the actual, present controversy must be pleaded specifically and the facts of the respective claims must be given. *Ibid.*

A court may dismiss a declaratory relief action as sham, moot, involving no controversy, or under California Code of Civil Procedure section 1061, which provides that "[t]he court may refuse to exercise the power [to grant declaratory relief] in any case where its declaration or determination is not necessary or proper at the time under all the circumstances." *See e.g., Simpson v. Security First Nat. Bank,* 71 Cal.App.2d 154 (1945); 2 Witkin, Cal. Procedure, (4th Ed. 1996) Jurisdiction, § 384, pp. 987-988 (courts may decline to exercise jurisdiction over "sham" or "moot" action involving no controversy).

Count Nine for declaratory relief simply reincorporates by reference paragraphs 1-133 of the Verified Complaint and makes a series of requests from the Court. (Verified Complaint 26:22-27:12.) As such, UTICo's request for declaratory relief is wholly derivative of its foregoing claims. As discussed above, UTICo has failed to sufficiently allege any ground upon which it is entitled to relief. Moreover, UTICo has not specifically pleaded the actual and present controversy, or provided the facts of the respective claims. Thus, Count Nine does not state a cause of action for declaratory relief. *City of Cotati v. Cashman* (2002) 29 Cal.4th 69 (finding that a request for declaratory relief will not create a cause of action that otherwise does not exist; rather, an actual, present controversy must be pleaded specifically and the facts of the respective claims concerning the underlying subject must be given).

### b. In the Alternative, Defendants Request a More Definite Statement Pursuant to Rule 12(e).

Count Nine fails to comply with Rules 8(a) and 8(e). It is anything but clear and concise; rather, it is confusing and ambiguous. For example, UTICo requests that Lazarenko

Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)          23

be declared liable on the judgment debt "including from the proceeds held in trusts, in which he has been a settlor and beneficiary.... this Court should declare that Lazarenko's nominees and *alter egos*, including but not limited to ... are liable and should satisfy the judgment debt of UESU." (Verified Complaint 26:27-27:03.) UTICo also requests that ths Court should declare Lazarenko an *ad hoc* general partner of UESU and find that "at no time were there lawful contracts or lawful consideration for any of the fraudulent transfers of UESU proceeds, as cited above." (Verified Complaint 27:04-11.)

Not only are Defendants unable to discern which claim these demands are purportedly connected to, but these massive demands are ambiguous and open-ended. Defendants are again deprived of a meaningful opportunity to respond to the claim. Thus, a more definite statement is warranted.

## CONCLUSION

For the foregoing reasons, dismissal without leave to amend is clearly warranted pursuant to Federal rule of Civil Procedure 12(b)(6). In the alternative, Defendants request for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) should be granted.

Respectfully submitted,

DORON WEINBERG
WEINBERG & WILDER

DANIEL A. HOROWITZ
LAW OFFICE OF DANIEL A. HOROWITZ

/s/ Doron Weinberg

Dated: September 5, 2008          By:_____
                                           DORON WEINBERG

Attorneys for Defendants and Real
Parties in Interest
PAVEL LAZARENKO and
DUGSBERY, INC.

Defendants and Real Parties In Interest
Motion to Dismiss Plaintiff UTICo's Verified
Complaint for Judgment Creditor's Remedies
to Satisfy Registered Money Judgment
(Nos. CV-08-3632 and CV-06-MC-80086 CRB)                    24