IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL TRADING AND INVESTMENT CO.,<br><br>    Plaintiff,<br><br>    v.<br><br>DUGSBERY, INC., et al.,<br><br>    Defendants.<br>_____/ | No. C 08-03632 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

    This is a judgment collection action brought by Universal Trading and Investment Company ("UTICo") against Pavlo Lazarenko and several companies allegedly tied to him (collectively, "Defendants"). The judgment, for approximately $18 million, was entered in federal district court in Massachusetts in 2005 against United Energy Systems of Ukraine ("UESU"). UTICo is attempting to collect the judgment against Defendants. Broadly speaking, UTICo alleges that Lazarenko caused UESU to transfer UESU's assets to other Lazarenko-controlled entities to avoid UESU having to pay its creditors.

    There are two substantive counts remaining in this lawsuit: (1) judgment debt recovery pursuant to C.C.P. § 708.210; and (2) fraudulent conveyance pursuant to California's Uniform Fraudulent Conveyances Act ("CUFTA"). There is also a count for declaratory judgment, which is contingent on the viability of at least one of the substantive claims. Defendants move to dismiss based on failure to state a claim and because the claims are time-barred.

Defendants' Motion is GRANTED because both remaining claims are time barred.

## I. BACKGROUND

This case has a somewhat tortured procedural and factual history. The facts have been set forth at length in prior orders of this Court. Here, the Court provides the background necessary to frame the issues presently before it.

In 1997, UESU sued UTICo for libel in the District of Massachusetts. UTICo counterclaimed alleging fraud on January 18, 1998. UTICo obtained a default judgment against UESU for roughly $18 million.

In the summer of 2006, UTICo sought in this Court an order authorizing it to levy execution on its judgment on real property in Novato, CA because the property was allegedly purchased using money fraudulently conveyed from UESU. Defendants filed a motion for summary judgment in the Novato case, arguing that UTICo's application for a levy was time-barred by C.C.P. § 3439.09(c)'s seven year limitation. This Court agreed with Defendants' statute of limitations argument and granted summary judgment. UTICo appealed, and the Ninth Circuit affirmed.

After losing at the district court level in the Novato case, UTICo filed the instant lawsuit, setting forth nine causes of action. Defendants moved to dismiss. This Court dismissed UTICo's conversion, unjust enrichment, civil conspiracy, and accounting claims with prejudice. UTICo's fraud, alter ego and fraudulent conveyances claims were dismissed without prejudice. Finally, the Court held that UTICo stated a claim for judgment debt recovery pursuant to C.C.P. § 708.210. See October 31, 2008 Order (Dkt. 30).

UTICo then filed its First Amended Complaint ("FAC"). Dkt. 51. Defendants again moved to dismiss, and, on January 16, 2009, this Court dismissed UTICo's fraud and alter ego claims with prejudice and stayed proceedings pending resolution of the Ninth Circuit's review of the Novato appeal. See January 16, 2009 Order (Dkt. 76).

On November 10, 2009, the Ninth Circuit affirmed the grant of summary judgment in the Novato case because "[t]he fraudulent transfers relating to the California property allegedly occurred in 1996 and 1997, more than seven years before UTI[Co] filed its

application to levy judgment . . . ." Universal Trading and Investment Co. v. Lazarenko, 352 Fed. Appx. 210, 211 (9th Cir. 2009).

On August 13, 2010, this Court lifted the stay and returned this matter to active status. Defendants again moved to dismiss, focusing on the two remaining substantive claims: (1) judgment debt recovery (which has already survived a motion to dismiss); and (2) fraudulent conveyances (which the Ninth Circuit found in the related Novato case to be time-barred at least as to the Novato property).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191. 1199-2000 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Detailed factual allegations" are not required, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949-50. In determining facial plausibility, whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

This Court has inherent authority to revisit any interlocutory order at any time prior to final judgment. See, e.g., Amarel v. Connell, 102 F.3d 1494, 1515 (9th Cir. 1996); John Simmons Co. v. Grier Bros., 258 U.S. 82, 88 (1922); Fed. R. Civ. P. 54(b).

## III. DISCUSSION

### A. UTICo's CUFTA Claim is Time Barred

Defendants' argument for dismissal of UTICo's CUFTA claim is straightforward: UTICo has failed to allege a fraudulent conveyance by UESU within the applicable limitations period.

3

CUFTA has a seven-year statute of limitations. Cal. Civ. Code § 3439.09(c). It appears to be undisputed that UESU itself did not make any transfers within seven years of the filing of this lawsuit. UTICo attempts to get around this problem in two ways, neither of which the Court finds compelling.

First, UTICo looks to transfers by entities other than UESU that were allegedly made as part of an overall scheme to defraud creditors occurring within the limitations period. The relevant benchmark for CUFTA's statute of limitations, however, is when UESU conveyed the assets. See Cal. Civ. Code. § 3439.06 ("A cause of action with respect to a fraudulent transfer . . . is extinguished unless brought . . . within four years after the transfer was made . . . ."; "A transfer is made . . . when the transfer is so far perfected that a creditor on a simple contract cannot acquire a judicial lien otherwise than under this chapter that is superior to the interest of the transferee."). Thus, UTICo's CUFTA claim is time-barred because <u>UESU</u> did not engage in a fraudulent conveyance within the seven-year limitation period. The fact that assets, at one time held by UESU, continued to percolate through and to various institutions and individuals as part of an ongoing "scheme" is not relevant for statute of limitations purposes.[1]

Second, UTICo argues that this Court should hold that the fraudulent conveyance allegations relate back to the counterclaim UTICo asserted in the Massachusetts case in 1998. UTICo asserts that the counterclaim "alleged . . . many of the same fraudulent transfers that are the subject of the instant CUFTA claim." Opp'n at 13. This argument is rejected because the present lawsuit is a new action.[2] See O'Donnell v. Vencor Inc., 466 F.3d 1104, 1111 (9th Cir. 2006) ("[Plaintiff's] second complaint does not 'relate back' to her

---

[1] As tempting as it may be in a case like this to move the relevant starting point for statute of limitations purposes to the point at which a third-party allegedly in cahoots with the debtor makes a transfer of the assets it fraudulently received, doing so runs a risk of turning the 7-year period of repose into a practical nullity.

[2] It appears that Judge Jenkins in the Novato case already considered and rejected essentially the identical argument. March 27, 2008 Order (Dkt. 43) in 06-mc-80086 ("There is no evidence in the record that UTICo, when litigating before the United States District Court of Massachusetts, ever brought a claim under the Uniform Fraudulent Transfers Act [] relating to the property located in Novato, California.").

4

first complaint because her second complaint was not an 'amendment' to her first complaint, but rather a separate filing."). Moreover, Defendants were not parties to the Massachusetts counterclaim, so even if this lawsuit can be considered a continuation of the Massachusetts counterclaim, relation back is improper. McAuliffe v. U.S. Dept. of Veterans Affairs, No. C 06-07353 WHA, 2007 WL 2123690, *4 (N.D. Cal. 2007) (relation back does not apply when new defendants added).

Accordingly, UTICo's fraudulent conveyance claim is dismissed with prejudice as time barred.

### B. The Judgment Debt Recovery Claim is Viable But Time Barred

This Court has already ruled that UTICo's judgment debt recovery claim is plausibly pleaded:

> Cal. Code Civ. P. § 708.210 allows a judgment creditor to commence enforcement proceedings against a third party who has possession of property in which the judgment debtor has an interest. Accepting the veracity of the pleadings and the inferences to be drawn from them, the complaint sufficiently alleges facts that tie Lazarenko to the judgment debtor so that dismissal would be improper.

October 31, 2008 Order (Dkt. 30) at 4.

Notwithstanding this Court's earlier ruling, Defendants assert that the judgment debt recovery claim should be dismissed because (1) it fails to state a claim because UTICo has not alleged a debt that Defendants owe to UESU and (2) it is time barred. The Court declines to revisit its earlier determination on this issue insofar as it relates to the general plausibility of Plaintiff's judgment debt recovery claim. However, the Court concludes that this claim is time barred.

The relevant statute of limitations is set forth in Cal. Code. Civ. P. § 708.230. It provides, in part, as follows:

> [A]n action shall be commenced pursuant to this article before the expiration of the later of the following times:
>
> (1) The time when the judgment debtor may bring an action against the third person concerning the property or debt.
>
> (2) One year after creation of a lien on the property or debt pursuant to this title if the lien is created at the time when the

5

> judgment debtor may bring an action against the third person concerning the property or debt.

C.C.P. § 708.230.

Section 708.230 unambiguously sets the time bar on a section 708.210 claim at the latest point that the <u>judgment debtor</u> could bring the claim. <u>See also</u> Cal. Civ. Prac. Procedure § 30:69 ("A creditor's suit must be brought within the time <u>when the judgment debtor</u> could bring an action against a third person concerning the property or debt . . . .") (emphasis added). Because UESU is the judgment debtor, and because any claim UESU had against Defendants expired before UTICo filed this suit, UTICo's section 708.210 claim is time barred.

UTICo argues that this outcome produces an absurd result because it means it lost its claims before it became a judgment creditor. UTICo also cites an unpublished, non-citable case reaching a similar conclusion. <u>See</u> <u>Greenberg v. Khabushani</u>, 2d Civil No. B211142, 2010 WL 354022, at *4 (Cal. App. 2d Dist. Feb. 2, 2010) (it would be "absurd" if a judgment creditor "would have lost his cause of action under the creditor's suit statutes before he obtained the judgment . . . which permitted him to enforce his judgment under those statutes.").

In this Court's view, contrary to UTICo's argument and the court's take in <u>Greenberg</u>, there is nothing absurd about reading section 708.230 as written. Section 708.230 essentially places a judgment creditor in the shoes of a judgment debtor, the relationship being similar to that of an assignor and assignee. <u>Manson, Iver & York v. Black</u>, 176 Cal. App. 4th 36, 49 (Cal. App. 5 Dist. 2009) ("An assignment transfers the interest of the assignor to the assignee. Thereafter, ''[t]he assignee 'stands in the shoes' of the assignor, taking his rights and remedies, <u>subject to any defenses which the obligor has against the assignor prior to notice of the assignment</u>.''") (citation omitted) (emphasis added); <u>see also generally</u> <u>Bonde v. Gen. Sec. Ins. Co. of Canada</u>, 285 N.Y.S. 2d 675, 679 ("[A] judgment creditor seeking to enforce a policy insuring the judgment debtor against liability, stands in the shoes of the insured and can recover against the insurer only if the insured could recover under the terms of the policy."). The judgment creditor cannot take something better (a live claim) than the

6

judgment debtor can give (a stale claim).  At the time it became the judgment creditor in 2005, UESU did not have live claims against Defendants.  Accordingly, UTICo's section 708.210 claim is time barred and is dismissed with prejudice.

**IV.    CONCLUSION**

Defendants' Motion to Dismiss is GRANTED, and Plaintiff's remaining claims are dismissed with prejudice.

**IT IS SO ORDERED.**



Dated:  January 7, 2011

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE